# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1998 SESSION

FILED

April 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9707-CC-00269 |
| Appellant, | ) |
| | ) Jefferson County |
| V. | ) |
| | ) Honorable Ben W. Hooper, II, Judge |
| | ) |
| **JESSE JAMES GILBERT, JR.,** | ) (State Appeal - Sentencing) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

Al Schmutzer, Jr.
District Attorney General

James L. Gass
Assistant District Attorney General
Fourth Judicial District
P.O. Box 70
Dandridge, TN 37725-0070

FOR THE APPELLEE:

Edward C. Miller
District Public Defender

Robert W. Scott
Assistant Public Defender
Fourth Judicial District
P.O. Box 416
Dandridge, TN 37725-0416

OPINION FILED: _____

**REVERSED AND REMANDED FOR RESENTENCING**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellee, Jesse James Gilbert, Jr., was convicted by a jury of rape in the Criminal Court of Jefferson County. The court sentenced the appellee to serve one year in the county jail, with the remainder of his sentence to be served in the community corrections program. The state appealed. The issue is whether the court erred in sentencing the appellant to community corrections when he was convicted of a violent felony. We respectfully reverse the judgment of the trial court and remand for resentencing.

The appellee was convicted of rape, a class B felony. The sentencing range for the appellant as a Range I, class B felon is eight to twelve years. Tenn. Code Ann. §§ 39-13-503 (Supp. 1996) & 40-35-112(a)(2) (1990).

The court sentenced the appellee to one year in the county jail followed by seven years supervision pursuant to the Community Corrections Act ("the Act") codified at Tennessee Code Annotated §§ 40-36-101 through 306 (Supp. 1996). The court began at the minimum sentence of eight years. The court found that no enhancement factors applied. The trial court carefully considered the factors required by the Criminal Sentencing Reform Act. See Tenn. Code Ann. §§ 40-35-101 et seq. (Supp. 1996). He followed the procedure prescribed by the sentencing act. The court stated his findings for the record. The court noted his confidence in the appellee's ability to reform. He warned the appellee that if he should come back before the court because of sentence violations, then the court could sentence him to a sentence greater than eight years. Tenn. Code Ann. § 40-36-106(e)(4) (Supp. 1996).

Both the state and appellee agree that the appellee does not qualify for punishment under the Community Corrections Act codified at Tennessee Code Annotated § 40-36-101-306 (Supp. 1996). One of the purposes of the Act is to establish a policy within the state to punish selected, nonviolent felony offenders

in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders. Tenn. Code Ann. § 40-36-103 (Supp. 1996). An offender must meet minimum criteria before the court is required to consider punishment pursuant to the Act. The appellee does not meet two of those criteria because he committed a violent offense and he committed a felony offense involving a crime against a person. Tenn. Code Ann. § 40-36-106(a)(2) & (3). Therefore, the sentence is not authorized by the sentencing act.

The state essentially argues that it is inconsistent to make defendants convicted of rape eligible for straight probation but not eligible for stricter forms of alternative sentencing such as community corrections. The appellee contends that he is eligible for probation because he received an eight year sentence for his crime. Tenn. Code Ann. § 40-35-303(a) (Supp. 1996). The appellee is not presumed to be a favorable candidate for alternative sentencing because he was convicted of a class B felony. Tenn. Code Ann. § 40-35-102(6) (Supp. 1996). However, the trial court may still consider the appellee for probation pursuant to Tenn. Code Ann. § 40-35-102(5).

The adjudged sentence is not authorized by the legislature. While we may agree with the reasoning of the state, a change in the sentencing act is within the province of the legislature. Therefore, we respectfully remand this case to the trial court for resentencing.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JERRY L. SMITH, Judge


-4-


_____
CURWOOD WITT, Judge